19 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sean T. MORIN, Plaintiff-Appellant,
v.
Allane TANDY; Clyde Armstrong; Sam Cannon; Kurt S.
Peterson; Lt. Fitzgerald, Defendants-Appellees.
 No. 93-35605.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 2, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sean Morin, a Washington state prisoner, appeals pro se the district court's summary judgment in favor of prison official defendants in Morin's 42 U.S.C. Sec. 1983 action. Morin alleged that his due process rights were violated at a prison disciplinary hearing. This court has jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review the district court's summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and we reverse and remand.
 
 
 3
 An inmate facing disciplinary charges is entitled to: written advance notice of the charges; at least twenty-four hours to prepare a defense; a written statement from the fact finders explaining the evidence relied on in its decision; and finally, an inmate may call witnesses and present documentary evidence "when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974). A genuine issue of material fact may arise where prison officials provide no explanation for their denial of a prisoner's request for witnesses. Walker v. Sumner, 92-15666/92-15737, slip op. 909, 920 (9th Cir. January 28, 1994).
 
 
 4
 Morin contends that he was denied witnesses at the disciplinary hearing which he had requested: Correctional Officer Dalton, Grievance Coordinator Clyde Armstrong, and Doctors Wilkie and Houghton. None of these witnesses appeared at the hearing, but Dalton and Armstrong provided written witness statements. Dalton's statement, however, was not provided until after the hearing. This late presentation cannot satisfy Walker. See id. Prison officials indicated that Doctor Wilkie was no longer employed at the prison, but did not give any explanations for the absences of the remaining three requested witnesses. Dr. Houghton was listed as being on vacation, but was to return the next week after the hearing. Dalton and Armstrong choose to submit brief written statements, but it is unclear from the record why they were unable to appear as witnesses. This is enough to raise a genuine issue of material fact whether Morin was "denied the right to produce witnesses in his defense as required by Wolff." Walker, slip op. at 920.
 
 
 5
 The prison officials raise as an affirmative defense that they were immune from liability due to qualified immunity. The district court did not address the issue, and we decline to address the issue at this time.
 
 
 6
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3